UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

                11-CV-6169-CJS-JWF

        - against -

CHRISTOPHER WHEELER and
OTCSTOCKEXCHANGE.COM,

                Defendants,

        and

NORTH COAST ADVISORS, LLC,

                Relief Defendant.

------------------------------------------------------------------x



### [~~PROPOSED~~] FINAL JUDGMENT AS TO DEFENDANTS AND RELIEF DEFENDANT

The Securities and Exchange Commission ("Commission") having filed an Amended Complaint and defendant Christopher Wheeler ("Wheeler") having answered the Amended Complaint and appeared in this action; defendant OTCStockExchange.com (the "Website") and relief defendant North Coast Advisors, Inc. ("North Coast") having been properly served but having neither answered nor otherwise responded to the Commission's Amended Complaint; Wheeler having consented to the entry of a partial judgment (the "Settlement Order"), entered by the Court on April 17, 2012, which permanently enjoined him from future violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 thereunder, and Sections 17(a) and 17(b) of the Securities Act of 1933 ("Securities Act") and permanently barred him from participating in any offering of penny stock; the Commission having filed a motion for monetary relief against Wheeler and a motion for a default judgment against the Website and North Coast; the Court having entered a Decision and Order dated September 29, 2014 (the "Final

Order"), which granted judgment to the Commission and, together with the Settlement Order, is incorporated herein with the same force and effect as if fully set forth herein; and the Court having jurisdiction over defendants and relief defendant and over the subject matter of this action:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Wheeler and Wheeler's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.P.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wheeler and Wheeler's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wheeler and Wheeler's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(b) of the Securities Act [15 U.S.C. § 77q(b)] by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, to publish, give publicity to, or circulate any notice, circular, advertisement, newspaper, article, letter, investment service, or communication which, though not purporting to offer a security for sale, describes such security for a consideration received or to be received, directly or indirectly, from an issuer, underwriter, or dealer, without fully disclosing the receipt, whether past or prospective, of such consideration and the amount thereof.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wheeler is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.P.R. 240.3a51-1].

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Wheeler and the Website are jointly and severally liable for disgorgement of $3,012,747.56, representing profits gained as a result of the conduct described in the Final Order, together with prejudgment interest thereon in the amount of $681,808.51, for a total of $3,694,556.07. Wheeler and the Website shall satisfy this obligation by paying $3,694,556.07 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wheeler is liable for civil money penalties of $3,012,747.56 under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Wheeler shall satisfy this obligation by paying a total of $3,012,747.56 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that North Coast is liable for disgorgement of $390,000, representing profits gained as a result of the conduct

described in the Final Order, together with prejudgment interest thereon in the amount of $78,830.18, for a total of $468,830.18. North Coast shall satisfy this obligation by paying $468,830.18 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that defendants and relief defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants and relief defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the payor as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants and relief defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, defendant and relief defendant relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants or relief defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund

will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants and relief defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Oct 21, 2014

*Charles Siragusa*
UNITED STATES DISTRICT JUDGE